Mr. Michael T. O'Brien, Chairman Arkansas Adult Probation Commission Tower Building, Suite 1210 323 Center Street Little Rock, AR 72201
Dear Mr. O'Brien:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act ("FOIA"), which is codified at A.C.A. 25-19-101 et seq. Your request is pursuant to Section25-19-105(c)(3)(B), pertaining to, inter alia, personnel records. Your specific question is as follows:
 Is a former employee who has recently filed a charge of discrimination with the EEOC entitled to copies of all personnel records AND all documents in his personnel file? [Emphasis original.]
The answer to this question is clearly "yes" with regard to the individual's own personnel records. Section 25-19-105(c)(2) (Supp. 1989) states:
 "Any personnel or evaluation records exempt from disclosure under this chapter SHALL NONETHELESS BE MADE AVAILABLE TO THE PERSON ABOUT WHOM THE RECORDS ARE MAINTAINED or to that person's designated representative." (Emphasis added.)
With regard to the personnel records of other persons, a conclusive determination requires a review of the files in order to ascertain whether they contain information which, if released, would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. 25-19-105(b)(10) (Supp. 1989). Not having reviewed the actual files, I lack sufficient information to make this determination. It should be noted in this regard that neither the Arkansas General Assembly nor the Supreme Court of Arkansas has defined what type of information is "personal." The court in McCambridge v. City of Little Rock, 298 Ark. 219,766 S.W.2d 909 (1989) did, however, apply a three-part test in this regard. Quoting the Georgetown Law Journal, the court stated:
 "[P]ersonal matter" ought to be information: (1) that the individual wants to and has kept private or confidential, (2) that, except for the challenged government action, can be kept private or confidential, and (3) that to a reasonable person would be harmful or embarrassing if disclosed. 71 Geo. L.J. at 240.
McCambridge, 298 Ark. at 230.
It should also be noted that based upon our review of federal precedent in this area, this office has previously concluded that to qualify for this exemption, the information in question must be of an intimate nature or contain some fact about an individual's private life that would not otherwise be made public except by the individual. See Attorney General Opinion No.'s 88-147, 87-108, and 87-115. In this regard, we have determined that information concerning the subject's marital status, insurance coverage, and credit union statements should be censored by the custodian prior to the record's release. Certain personal identifiers, such as social security numbers and unlisted telephone numbers and addresses should also be removed. See Op. No. 87-442. The remainder of the record must, however, be produced for inspection and copying.
It should also be recognized, finally, that employee evaluation or job performance records are open to public inspection "only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure." A.C.A. 25-19-105(c)(1) (Supp. 1989).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Attachments: Attorney General Opinion Nos. 87-108, 87-115, and88-147.